UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62012-CIV-COHN/WHITE

DONALD E. JOHNSON,

    Plaintiff,

v.

OFFICER ADAM LERNER,

    Defendant.

_____/

### ORDER ON MOTIONS IN LIMINE

**THIS CAUSE** is before the Court upon Plaintiff's Motion in Limine [DE 52], Plaintiff's Motion in Limine to Exclude or Limit Testimony [DE 59], and Defendant's Motion in Limine to Preclude the Introduction of Evidence or Argument at Trial Regarding Purported Events Unrelated to Plaintiff's Remaining Cause of Action as Alleged in the Operative Complaint [DE 58].  The Court has carefully reviewed these motions, the responses thereto, and the record in this case, and the Court is otherwise fully advised in the premises.  The Court also heard oral arguments from counsel at the calendar call held earlier today.  At calendar call, the Court announced its rulings on the motions and stated its reasons on the record.  To ensure that these rulings are clear to the parties, the Court briefly addresses the motions in this Order.

**I.**    **Background**

On the night of February 25, 2008, Defendant Adam Lerner, an officer of the Miramar Police Department, was dispatched to the home of Plaintiff Donald E. Johnson to investigate a report of a rape in progress.  When Lerner arrived at the residence, he observed, though a front bedroom window, Johnson having sex with a young girl.

Another resident admitted Lerner into Johnson's home through the back door.  Once inside the house, Lerner saw Johnson exit the bedroom naked and ordered him to the ground.  Johnson claims that he complied with this command.  Lerner asserts, however, that Johnson did not obey Lerner's order and instead continued to approach him.  As a result, Lerner contends, he was forced to put Johnson in an "arm bar" and take him to the ground.  Ultimately, Johnson was handcuffed and arrested.

During the course of the arrest, Johnson sustained injuries to his face, including a laceration to his lip.  Johnson alleges that the injuries occurred when Lerner kicked him in the head as he lay prone on the ground after being handcuffed.  By contrast, Lerner maintains that the injuries happened when he took Johnson to the ground and his face struck the tile floor.

Following his arrest, Johnson was transported to a local hospital for treatment.  After being treated for his laceration, he was released from the hospital during the early morning of January 26, 2008.  Johnson was then transported to the Miramar Detective Bureau, where he was detained before being moved to the Broward County Jail for booking later that morning.  In addition to the claimed injuries during his arrest, Johnson alleges that before he was booked at the Broward County Jail, Lerner punched him and hit him with a flashlight.  Lerner denies these allegations, claiming that he never touched Johnson after his arrest.

Johnson later pleaded guilty to four counts of sexual battery of a minor less than twelve years old by a person in familial or custodial authority.  See Fla. Stat. § 794.011(8)(c).  On May 19, 2009, a Florida circuit court sentenced Johnson to thirty-seven years' imprisonment followed by forty years of sex-offender probation.  Johnson was also designated as a sexual predator.

On September 14, 2011, Johnson brought this action pursuant to 42 U.S.C. § 1983 against Lerner, the City of Miramar, and Miramar's Chief of Police.  See DE 1.  Johnson's Complaint, filed *pro se*, claims that Lerner violated Johnson's Fourth and Fourteenth Amendment rights by using excessive force against him.  See id. at 10.[1]  Johnson, who has demanded a jury trial, seeks damages from Lerner for physical pain and disfigurement, as well as emotional pain and suffering.  See id. at 1, 13.  Lerner has filed an Answer denying liability and pleading several affirmative defenses.  See DE 13.

Johnson has filed two motions in limine (one *pro se*, the other through counsel) seeking to exclude evidence of his sexual battery of the young girl before his arrest and of his resulting convictions and sentence.  See DE 52, 59.  Because these two motions raise similar arguments, the Court will discuss them together below.  Also, Lerner has filed a motion in limine asking the Court to exclude evidence of Lerner's alleged use of force against Johnson after his arrest and before booking.  See DE 58.

**II.     Discussion**

    **A.     Plaintiff's Motions in Limine**

In his motions in limine, Johnson argues that evidence relating to his sexual battery of the young girl and his later convictions and sentence should be excluded because that evidence is irrelevant to his excessive-force claim and any probative value

---

[1] The Complaint also pleaded claims alleging that Lerner and the other Defendants failed to follow police-department policies and procedures and to adequately train officers.  See DE 1 at 10-12.  At the recommendation of Magistrate Judge White, the Court dismissed these claims for failure to state a claim for relief.  See DE 11.  The Court allowed Johnson to proceed only on his excessive-force claim against Lerner.  See id.

is substantially outweighed by the risk of unfair prejudice.[2]  See Fed. R. Evid. 401, 403. Lerner responds that the facts surrounding Johnson's arrest are necessary to support Lerner's theory of defense—that Lerner's takedown of Johnson was reasonably necessary to arrest him since Lerner had observed Johnson committing a very serious crime and he did not comply with Lerner's order to get on the ground.  See Graham v. Connor, 490 U.S. 386, 396-97 (1989) (discussing "objective reasonableness" standard for Fourth Amendment excessive-force claims).  The Court agrees with Lerner.

Although Johnson claims that he obeyed Lerner's command, that there was no takedown, and that Johnson's injuries were caused by Lerner kicking him on the ground, Lerner is entitled to present contrary evidence supporting his side of these issues.  An important part of that evidence is Lerner's explanation of why the alleged takedown of Johnson was reasonably necessary under the circumstances.  See id. Without question, evidence concerning Johnson's commission of sexual battery just before his arrest is probative of the degree of force that was warranted in arresting him. See id.; Fed. R. Evid. 401.  And while disclosing Johnson's sexual battery to the jury does present a risk of prejudice, that risk does not substantially outweigh the probative value of this evidence.  See Fed. R. Evid. 403.  The Court therefore denies Johnson's motions in limine with respect to evidence of the sexual battery before his arrest.

Regarding Johnson's later felony convictions for sexual battery, the parties agreed during oral argument that those convictions are admissible for impeachment.

---

[2] In his *pro se* motion, Johnson also seeks to exclude a statement that he gave to a police detective on the night of his arrest.  See DE 52 at 1.  But Johnson does not describe the content of this statement, nor does he explain why it should be excluded. Thus, the Court declines to consider Johnson's request to exclude the statement.

See Fed. R. Evid. 609(a)(1)(A).  Although Lerner's motion response further asserts that the convictions are admissible as substantive evidence, defense counsel conceded during oral argument that no clear basis exists for admitting the convictions other than for impeachment.  The Court agrees.  Accordingly, Johnson's motions in limine are denied with respect to use of Johnson's sexual-battery convictions for impeachment.  The motions are granted with regard to use of the convictions as substantive evidence.

### B. Defendant's Motion in Limine

Lerner's motion in limine asserts that the Court should exclude any evidence of Lerner's alleged use of excessive force after Johnson's arrest—i.e., punching him and hitting him with a flashlight—because Johnson's Complaint does not plead that conduct as a basis for the excessive-force claim.  It is true that the "First Cause of Action" in Johnson's *pro se* Complaint (the excessive-force claim) includes, expressly or by cross-reference, only allegations concerning Lerner kicking Johnson during his arrest, along with other allegations about Lerner putting Johnson into a patrol car at his home. See DE 1 at 10.  Lerner thus argues that the Complaint did not put him on notice that the post-arrest allegations were also part of Johnson's excessive-force claim. See Blackshear v. City of Miami Beach, 799 F. Supp. 2d 1338, 1343 (S.D. Fla. 2011) ("A complaint . . . must give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" (quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 319 (2007))).

Johnson did, however, include allegations regarding Lerner's post-arrest excessive force in a section of the Complaint titled "Supporting Facts."  DE 1 at 6, 8. Construing Johnson's *pro se* Complaint liberally, the Court finds that these allegations

5

adequately notified Lerner that they were part of the excessive-force claim.  See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (noting that *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers").  Therefore, Johnson may present evidence concerning Lerner's claimed post-arrest use of force, and Lerner's motion seeking to exclude that evidence is denied.

### III. Conclusion

Accordingly, as detailed above, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion in Limine [DE 52] and Plaintiff's Motion in Limine to Exclude or Limit Testimony [DE 59] are hereby **GRANTED IN PART** and **DENIED IN PART**; and

2. Defendant's Motion in Limine to Preclude the Introduction of Evidence or Argument at Trial Regarding Purported Events Unrelated to Plaintiff's Remaining Cause of Action as Alleged in the Operative Complaint [DE 58] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 10th day of January, 2013.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies to:

Counsel of record via CM/ECF